UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH GOULD,<br><br>Defendant. | Case No. 1:25-mc-00073-JLT-EPG<br>Related cases: 1:21-CR-00243-JLT-SKO and 1:25-mc-00066-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT GOULD'S MOTION TO QUASH WRIT OF CONTINUING GARNISHMENT BE DENIED<br><br>(ECF No. 9) |

On September 23, 2025, Kennth Gould, who is currently serving a term of imprisonment, filed a motion to quash a writ of garnishment issued against one of his accounts. (ECF No. 9). He argues that garnishment of those assets conflicts with the payment schedule adopted by the Court in his criminal judgment. (ECF No. 9).

The United States has filed an opposition to the motion on September 30, 2025 (ECF No. 11). Mr. Gould did not fly a reply and the time to do so has passed.

For the reasons set forth below, the Court recommends denying the motion to quash the writ of garnishment.

**I.    BACKGROUND**

On March 3, 2025. Mr. Gould pled guilty to a single count Indictment in case number 1:21-CR-00243-JLT-SKO ("CR"), which charged him with Bank Larceny, in violation of 18

1

U.S.C §2113(b)[1]. On June 2, 2025, the Court sentenced Mr. Gould to a term of imprisonment of 12 months and 1 day, to commence on September 11, 2025.

As part of the judgment, the Court ordered Mr. Gould to pay monetary penalties, including a $100 assessment fee and $830,000 in restitution (CR ECF No. 74 at p. 6). *See also* (CR ECF No. 74, at p. 3) ("You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.").

Additionally, in the section describing special conditions of supervision, the Court ordered:

> You must make payments toward any unpaid criminal monetary penalty in this case during supervised release at the rate of at least 10% of your gross monthly income. Payments are to commence no later than 60 days from placement on supervision. This payment schedule does not prohibit the United States from collecting through all available means any unpaid criminal monetary penalty at any time, as prescribed by law.

(CR ECF no. 74, at p. 5).

On September 2, 2025, the United States filed an Application for Writ of Continuing Garnishment, requesting that the Clerk of the United States District Court issue a writ of continuing garnishment against all property held by a Garnishee Ally Bank, Inc., in which Mr. Gould has an interest. (ECF No.1). The Clerk of Court issued the writ of continuing garnishment on September 3, 2025. (ECF No. 2).

The Garnishee, Ally Bank disclosed accounts in which Gould maintains an interest: a "Spending" account worth $764.47; a "Savings" account worth $399.17; and a "Money Market Savings" account worth $1,620.42." (ECF No. 10).

**II.     MOTION TO RECALL OR QUASH THE WRIT**

**A.  Mr. Gould's Motion to Quash the Writ**

On September 23, 2025, Mr. Gould filed a motion to recall or quash the United States' writ of garnishment, on the ground that the government failed to disclose the Court imposed payment schedule in its application to the Clerk of Court for the writ. (ECF No. 9, p. 3). Further, Mr. Gould claims that the government failed to reply to his request to meet and confer regarding

---

[1] Mr. Gould was indicted and sentenced under Case: 1:21-CR-00243-JLT-SKO.

2

any payment schedule dispute. (*Id.*). Finally, Mr. Gould argues, the writ is "the government attempting an end-run around the Court's imposition of a payment schedule and the proper mechanism by which the government or victim may seek to modify a restitution schedule." (*Id.*).

Mr. Gould reported to prison on September 11, 2025. He states he lives off social security and he is the sole provider for his son, his only child, who is beginning his first year of college. Because of the writ, Mr. Gould states he will lose $2000 to help reintegrate himself into society following his term of imprisonment. (ECF No. 9, p.3).

### B. United States' Opposition

On September 10, 2025, the government filed an opposition to Mr. Gould's motion to quash. (ECF No. 11). The United States argues that it is "enforcing the restitution and assessment in full compliance of the judgment." (ECF No. 11, p. 1). Furthermore, the government argues that the judgment stated that the payment schedule did not prohibit the government from collecting any unpaid criminal debt at any time through any available means that the law provides. (*Id.,* pp.2-3). Finally, the government notes that as of September 29, 2025, Mr. Gould has paid nothing towards his criminal debt. (*Id.*, p.2).

## III. LEGAL STANDARDS

18 U.S.C. § 3613 provides the civil remedies that may be utilized by the United States to satisfy an unpaid fine, including when a judgment imposing a fine, "may be enforced against all property or rights to property of the person fined."  18 U.S.C. § 3613(a). A restitution order is enforceable in the same manner as criminal fines. *See* 18 U.S.C., § 3663A(d); 3664(m)(1)(A)(i).

The use of "all property or rights to property" demonstrates that Congress was unequivocal that all a defendant's assets may be subjected to restitution orders. *United States v. Novak,* 476 F.3d 1041, 1046 (9th Cir. 2007); *see United States v. Nat'l Bank of Commerce,* 472 U.S. 713-719-720 (1985) ("The statutory language 'all property and rights to property,'…is broad and reveals on its face that Congress meant to reach every interest in property… .").

The party seeking to quash a writ of garnishment has the burden to prove its invalidity. *Novak,* 476 F.3d at 1046 ("The burden is on Novak, as the party seeking to quash the writ of garnishment, to prove its invalidity.").

## IV.     DISCUSSION

Mr. Gould primarily argues that the writ should be recalled because the government's application for the writ omitted the fact that the Court imposed a payment schedule (ECF No. 9, at p. 3).  In response, the Government argues that nothing in Mr. Gould's criminal judgment precludes the United States from garnishing other assets at any time, as prescribed by law. (ECF No. 11, p. 2).

In a recent case, this Court denied a motion to quash a writ where the government similarly attempted to garnish a defendant's bank accounts despite the fact that the judgment included a payment schedule for restitution.  *See United States v. Rodriguez*, No. 1:20-cr-00122-JLT-SKO, 2025 WL 1235480 (E.D. Cal. April 29, 2025) ("Mr. Rodriguez contends that the government should have disclosed in its writ applications this Court's imposition of a payment schedule and relatedly that the appropriate procedure would have been for the government to petition the Court to modify the restitution schedule pursuant to 18 U.S.C. § 3572(d)(3) and 3664(k).").   After a review of relevant legal authorities, the *Rodriguez* Court determined that the writ of garnishment was valid, notwithstanding the payment schedule. First, the Court looked at the judgment's payment schedule, which stated:

> The defendant shall make payments toward any unpaid criminal monetary penalties in this case during supervision at the rate of at least 10% of your gross monthly income. Payments are to commence no later than 60 days from placement on supervision. *This payment schedule does not prohibit the United States from collecting through all available means any unpaid criminal monetary penalties at any time, as prescribed by law.*

Next, the Court noted that, while this paragraph was included in a section concerning conditions of supervision, the final sentence was not limited to enforcement during supervision, "as it permits collection through all available means any unpaid criminal monetary penalties *at any time*, as prescribed by law." *Rodriguez,* No. 1:20-cr-00122-JLT-SKO, 2025 WL 12354480 at 5.

Finally, the Court in *Rodriguez* found that enforcement of the writ was consistent with the overall purpose of the Mandatory Victims Restitution Act (MVRA), which "rests on the recognition that '[i]t is essential that the criminal justice system recognize the impact that crime has on the victim, and, to the extent possible, ensure that [the] offender be held accountable to

4

repay these costs.'" *Novak*, 476 F.3d at 1043 (quoting S. Rep. No. 104-179, at 18 (1995)). The Court also cited the Ninth Circuit's decision in *United States v. Swenson*, 971 F.3d 977 (9th Cir. 2020), which stated that "[t]o ensure that accountability, Section 3613(a) consolidated and strengthened the procedures available to the government for collecting unpaid restitution," and was intended "to broaden the government's collection powers to reach all of a *defendant's* assets." *Id.* at 982.

Here, the Court recommends following the reasoning in *Rodriguez* and denying the motion to quash the writ. As in *Rodriguez*, Mr. Gould's judgment ordered payment of restitution. And while the additional terms of supervision set out a payment schedule, they also stated "This payment schedule does not prohibit the United States from collecting through all available means any unpaid criminal monetary penalties at any time, as prescribed by law." (CR ECF No. 74). The Court thus finds that the government is entitled to collect outstanding restitution by any means prescribed by law, including garnishing accounts that Mr. Gould has an interest in.

## V.     CONCLUSION AND RECOMMENDATION

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Gould's motion to quash writ of continuing garnishment (ECF No. 9) be **DENIED.**

2. The Clerk of Court be directed to enter a final order of garnishment.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

\\\
\\\
\\\
\\\

1  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 15, 2025**          /s/ Erica P. Grosjean
                                                          UNITED STATES MAGISTRATE JUDGE